# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 8:12-cr-52-T-30EAJ
USM NUMBER: 56114-018

vs.

GYASI CLINE HEARD

Defendant's Attorney: Grady C. Irvin, Jr., ret.

THE DEFENDANT:

_X_ pleaded guilty to count(s) ONE, TWO, THREE, FOUR, FIVE, SIX, NINE and ELEVEN of the Superseding Indictment.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 846, 841(b)(1)(A)(ii) and 841(b)(1)(A)(ii) | Conspiracy to Possess with the Intent to Distribute and Distribution of 280 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine | February 2012 | One |
| 21 U.S.C. §§ 841(a)(1) and 841(a)(1) and 841(b)(1)(C) | Possession with the Intent to Distribute and Distribution of Cocaine | November 8, 2011 | Two |
| 21 U.S.C. §§ 841(a)(1) and 841(a)(1) and 841(b)(1)(C) | Possession with the Intent to Distribute and Distribution of Cocaine | November 10, 2011 | Three |
| 21 U.S.C. §§ 841(a)(1) and 841(a)(1) and 841(b)(1)(C) | Possession with the Intent to Distribute and Distribution of Cocaine | November 16, 2011 | Four |
| 21 U.S.C. §§ 841(a)(1) and 841(a)(1) and 841(b)(1)(C) | Possession with the Intent to Distribute and Distribution of Cocaine | December 1, 2011 | Five |
| 21 U.S.C. §§ 841(a)(1) and 841(a)(1) and 841(b)(1)(C) | Possession with the Intent to Distribute and Distribution of Cocaine | December 12, 2011 | Six |
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and 841(b)(1)(C) | Possession with the Intent to Distribute and Distribution of 28 Grams or More of Cocaine Base and Cocaine | January 6, 2012 | Nine |
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and 841(b)(1)(C) | Possession with the Intent to Distribute and Distribution of 28 Grams or More of Cocaine Base and Cocaine | January 18, 2012 | Eleven |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_X_ Counts THIRTEEN and FOURTEEN of the Superseding Indictment and Counts ONE, TWO, THREE, FOUR, FIVE, SIX, NINE, ELEVEN and THIRTEEN of the underlying Indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: November 19, 2012

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE
DATE: November _20_, 2012

Defendant:     GYASI CLINE HEARD                                             Judgment - Page 2 of 6
Case No.:      8:12-cr-52-T-30EAJ

# IMPRISONMENT

After considering the advisory sentencing guidelines and all of the factors identified in Title 18 U.S.C. §§ 3553(a)(1)-(7), the court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **TWO HUNDRED (200) MONTHS**. This term consists of **TWO HUNDRED (200) MONTHS** as to each of Counts One, Two, Three, Four, Five, Six, Nine, and Eleven of the Superseding Indictment, all such terms to run concurrently.

_X_ The court makes the following recommendations to the Bureau of Prisons: The defendant shall be placed at FCI Atlanta or FCI Jesup. The defendant shall participate in the 500 hour intensive drug treatment program while incarcerated.

_X_ The defendant is remanded to the custody of the United States Marshal.
__ The defendant shall surrender to the United States Marshal for this district.

  __ at __ a.m./p.m. on __.
  __ as notified by the United States Marshal.

__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

  __ before 2 p.m. on __.
  __ as notified by the United States Marshal.
  __ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

  Defendant delivered on _____ to _____
__ at _____, with a certified copy of this judgment.

                                                   _____
                                                          United States Marshal

                                        By: _____
                                                     Deputy United States Marshal

| | | |
|---|---|---|
| Defendant: | GYASI CLINE HEARD | Judgment - Page 3 of 6 |
| Case No.: | 8:12-cr-52-T-30EAJ | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS. This term consists of FIVE (5) YEARS as to Count One of the Superseding Indictment, a THREE (3) YEAR term as to Counts Two, Three, Four, Five, and Six of the Superseding Indictment, and a FOUR (4) YEAR term as to Counts Nine and Eleven of the Superseding Indictment, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant: GYASI CLINE HEARD | Judgment - Page 4 of 6 |
| Case No.: 8:12-cr-52-T-30EAJ | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X   The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

X   The defendant shall participate as directed in a program of mental health treatment (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

X   The mandatory drug testing provisions shall apply pursuant to the Violent Crime Control Act. The Court orders random drug testing not to exceed 104 tests per year.

AO 245B (Rev 06/05) Sheet 5 - Criminal Monetary Penalties (Judgment in a Criminal Case)

| Defendant: | GYASI CLINE HEARD | Judgment - Page 5 of 6 |
|---|---|---|
| Case No.: | 8:12-cr-52-T-30EAJ | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $800.00 | Waived | N/A |

— The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

— The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Totals: | $ | $ | |

— Restitution amount ordered pursuant to plea agreement $ _____.

— The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

— The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  — the interest requirement is waived for the ___ fine ___ restitution.

  — the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant:   GYASI CLINE HEARD                                             Judgment - Page  6  of  6
Case No.:    8:12-cr-52-T-30EAJ

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.   __X__   Lump sum payment of $ _800.00_ due immediately, or

B.   ___     Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.   ___     Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.   ___     Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.   ___     Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.   ___     Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___     Joint and Several

        Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

___     The defendant shall pay the cost of prosecution.

___     The defendant shall pay the following court cost(s):

_X_     The defendant shall forfeit the defendant's interest in the following property to the United States:

        The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets previously identified in the plea agreement/Indictment, that are subject to forfeiture. The assets to be forfeited specifically include, but are not limited to the following: (a) a $400,000 money judgment; and (b) the specific assets which were seized on February 10, 2012. The Court makes the Forfeiture Money Judgment and Preliminary Order of Forfeiture for Specific Assets a part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:12-cr-52-T-30EAJ

GYASI CLINE HEARD, a/k/a "Legacy"

**FORFEITURE MONEY JUDGMENT AND
PRELIMINARY ORDER OF FORFEITURE FOR SPECIFIC ASSETS**

THIS CAUSE comes before the Court upon the United States' Motion for a Forfeiture Money Judgment (Doc. 80) against defendant Gyasi Cline Heard in the amount of $400,000.00 and a Preliminary Order of Forfeiture for the following assets, pursuant to 21 U.S.C. § 853(a) and Rule 32.2(b)(2), Federal Rules of Criminal Procedure:

A. Firearms and Ammunition Seized from Defendant's
   House Located at 7347 Roebellini Way, Trinity, Florida

   1. Romarm/Cugir WASR-10, 762 caliber rifle,
      Serial Number: 1-65470-04;

   2. Mossberg 500A 12 gauge shotgun,
      Serial Number: R956908;

   3. Norinco (North China Industries) SKS, 762 caliber rifle,
      Serial Number: 24019016N;

   4. Ruger Mini 30, 762 caliber rifle, Serial Number: 189-30161;

   5. Bushmaster Firearms XM15-E2S, 223 caliber rifle,
      Serial Number: L462126;

6. Thompson Machine 1927 A, 45 caliber rifle,
   Serial Number: KM1370;

7. Ruger Mini 14, 223 caliber rifle, Serial Number: 186-09537;

8. Colt SP1, 223 caliber rifle, Serial Number: SP183473;

9. F.N. (FN Herstal) SCAR 16S, 556 caliber rifle,
   Serial Number: LC12650;

10. Izhmash (IMEZ) Saiga, 762 caliber rifle,
    Serial Number: H-06600543;

11. Plainfield Machine Co., M1, 30 caliber rifle,
    Serial Number: 11185;

12. Kimber Semi Auto 45 caliber pistol,
    Serial Number: KPTR239;

13. Smith & Wesson 351PD, 22 caliber revolver,
    Serial Number: CHL8394;

14. Walther P22, 22 caliber pistol, SN: L009440;

15. Walther P22, 22 caliber pistol, SN: L301104;

16. Bond Arms Inc. Ranger, 45/410 caliber Derringer,
    SN: 54627;

17. Taurus 38 Special, 38 caliber revolver,
    Serial Number: MJ97272;

18. AMT- California (Arcadia Machine & Tool) Lightning,
    22 caliber pistol, Serial Number: G12575;

19. Ruger Long Rifle, 22 caliber pistol, Serial Number: 485316;

20. Kimber Semi-Automatic, 45 caliber pistol,
    Serial Number: KPTR232;

21. Ruger SR9C, 9 caliber pistol, Serial Number: 332-00188;

22. SWD M11/9, 9 caliber machinegun,
Serial Number: 89-0034686;

23. Kimber Semi-Automatic, 45 caliber pistol,
Serial Number: K132536;

24. Harrington and Richardson 732, 32 caliber revolver,
Serial Number: AX111885;

25. Magnum Research Inc., Micro Desert Eagle,
380 caliber pistol, Serial Number: ME07229;

26. Springfield Armory, Geneseo, IL XD40, 40 caliber pistol, Serial Number: US275799;

27. Unknown Manufacturer, ME Ranger 9 caliber revolver,
Serial Number: 016015; and

28. Assorted ammunition.

B. Firearms and Ammunition Seized from Defendant's Business, Legacy Tattoo, located in Palm Harbor, Florida

1. F.N. (FN Herstal) FNAR, 762 caliber rifle,
Serial Number: 319MP04158;

2. Keltec, CNC industries Inc., PLR-16, 556 caliber rifle,
Serial Number: POA52;

3. Mossberg 500 Cruiser, 12 gauge shotgun,
Serial Number: T529118;

4. Keltec CNC Industries, PLR-16, 556 caliber rifle,
Serial Number: P1X77;

5. F.N. (FN Herstal) 5.7 caliber semi-automatic pistol, Serial Number: 386201413;

6. Colt Python, 357 caliber revolver, Serial Number: 30187;

7. Ruger Mark II, 22 caliber pistol, Serial Number: 213-00636;

3

        8. Dusek (Frantisek Dusek) DUO, 25 caliber pistol, Serial Number: 115867;

        9. Jimenez Arms JA, 22 caliber pistol, Serial Number: 1137269;

        10. Beretta, Pietro S.P.A., 92FS, 9 caliber pistol, Serial Number: J12134Z;

        11. Harrington and Richardson, 923, 22 caliber pistol, Serial Number: K38348;

        12. Beretta, Piero S.P.A., 92FS, 9 caliber pistol, Serial Number: J12128Z; and

        13. Assorted ammunition.

C. Firearms and Ammunition Seized from Defendant's Vehicle & Residence at 1544 Starlight Cove, Tarpon Springs, Florida

        1. F.N. (FN Herstal) semi-automatic, 5.7 caliber pistol, Serial Number: 386174906;

        2. Walther P22, 22 caliber pistol, Serial Number: N080290;

        3. Ruger LCP, 380 caliber pistol, Serial Number: 373-14488;

        4. Sig Sauer (Sig-Arms)SP2340, 40 caliber pistol, Serial Number: SP0003332;

        5. Sig Sauer (Sig-Arms) P238, 380 caliber pistol, Serial Number: 27A008054; and

        6. Assorted Ammunition.

D. Sound Suppressors Seized at Various Locations

        1. Gemtech (Gemini Technologies) Viper-380, 380 caliber silencer, Serial Number: S09-37197;

        2. SWD, manufacturer unknown, 9 caliber silencer, Serial Number: N598;

    3.    Coastal Gun Passport II, lr, 22 caliber silencer (sound suppressor), Serial Number: PP2209019;

    4.    Gemtech (Gemini Technologies) SFN57, 57 caliber Silencer, Serial Number: S09-33980; and

    5.    Coastal Gun Passport, 22LR, 22 caliber silencer (sound suppressor), Serial Number: P22070224.

E.    <u>Cash</u>

The sum of **$8,890 in U.S. currency** seized from the kitchen table at Defendant's residence located at 1544 Starlight Cove, Tarpon Springs, FL, which were monies generated directly and/or indirectly from the Defendant's drug trafficking.

F.    <u>Assorted Jewelry</u>

The following jewelry which was purchased, in whole or in part, with monies generated directly and/or indirectly from the Defendant's drug trafficking:

    1.    Hardcore Watch Company watch, Selco Suicide King Model, stainless steel plated, limited edition;

    2.    Hardcore Watch Company watch, Lost Skulls, stainless steel plated with diamonds, limited edition; and

    3.    Ace of Pain style watch, stainless steel, black plated, limited series.

Being fully advised in the premises, the Court hereby finds that the defendant obtained gross proceeds in the amount of $400,000.00 as a result of the drug trafficking conspiracy, in violation of 21 U.S.C. §§ 841(a)(1), 846, 841(b)(1)(A)(iii), and 841(b)(1)(A)(ii), as charged in Count One of the Superseding Indictment.

The Court further finds that the assets described above were used, or intended to be used to commit, or to facilitate the commission of, the drug trafficking

conspiracy charged in Count One of the Superseding Indictment, or were traceable to the gross proceeds of such offense. Thus, the United States has established the requisite *nexus* between the property and the offense of conviction. Accordingly, it is hereby

ORDERED that for good cause shown, said Motion (Doc. 80) of the United States is GRANTED.

It is FURTHER ORDERED that pursuant to the provisions of 21 U.S.C. § 853(a)(1) and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, defendant Gyasi Cline Heard is personally liable to the United States of America for a Forfeiture Money Judgment in the amount of $400,000.00.

It is FURTHER ORDERED that pursuant to 21 U.S.C. § 853(a) and Rule 32.2(b)(2), all right, title and interest of defendant Gyasi Cline Heard in the assets identified above are hereby FORFEITED to the United States for disposition according to law. The net proceeds from the forfeiture of these assets shall be credited to the $400,000.00 money judgment.

Pursuant to Rule 32.2(b)(4) and the defendant's Plea Agreement (Doc. 72 at 10), this order of forfeiture will be final as to the defendant at the time it is entered.

The Court retains jurisdiction to entertain any third party claims that may be asserted in these proceedings, and to enter any further orders necessary for the forfeiture and disposition of such property.

**DONE** and **ORDERED** in Tampa, Florida on October 25, 2012.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2012\12-cr-52 Heard forfeit 80.wpd