UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GYASI CLINE HEARD,

    Petitioner,

v.                                               CASE NO:  8:14-cv-598-T-30EAJ
                                                  Crim. Case No: 8:12-cr-52-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Gyasi Heard's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed on March 10, 2014. (CV Doc. 1). The Court having reviewed the pleadings, arguments, and record, concludes that Heard's motion is time-barred and due to be dismissed.

## BACKGROUND

On May 29, 2012, Heard pleaded guilty without a written plea agreement to five counts of possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Counts 2-6); and two counts of possession with intent to distribute and distribution of cocaine base and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Counts 9 & 11). (CR Doc. 49). Subsequently, on August 9, 2012, Heard pleaded guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute and distribution of cocaine base and cocaine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A)(ii), (b)(1)(A)(iii), 846 (Count 1). (CR Doc. 68).

According to Heard's presentence investigation report ("PSR"), Heard had a base offense level of 34, with two enhancements: (1) a two-level upward adjustment based on the assertion that Heard possessed a dangerous weapon in connection with his drug trafficking activities pursuant to U.S.S.G. § 2D1.1(b)(1);[1] and (2) a two-level upward adjustment for the use of violence in connection with his drug trafficking activities pursuant to U.S.S.G. § 2D1.1(b)(2). (PSR at 13). Heard was also provided a two-level reduction based upon his acceptance of responsibility and an additional one-level reduction because he assisted authorities in the investigation of the offense. (PSR at 13-14). Overall, Heard was assessed a total offense level of 35, resulting in a guideline imprisonment range from 168 to 210 months. (PSR at 14, 18). Heard was then sentenced to 200 months' imprisonment on each count with the terms to run concurrently to be followed by five years' supervised release. (CR Doc. 101). Heard did not file a direct appeal of his judgment and sentence.

On March 10, 2014, Heard filed the instant motion raising five grounds for relief under 28 U.S.C. § 2255 and seeking leave to file his motion more than one year after his conviction became final. (CV Doc. 1). Although the instant motion was not filed until March 10, 2014, Heard contends that he originally mailed his motion in November 2013. (CV Doc. 1 at 15). In accordance with Rule 4 of the Rules Governing Section 2255 Cases, the Court undertook a preliminary review of the motion and directed the government to address the timeliness of the motion. (CV Doc. 2). The government filed its response on

---

[1] During the search of Heard's two residences and his business, agents seized $8,890, a small amount of cocaine, a scale, a money counter, assorted ammunition, and forty-four firearms. (PSR at 11). Because these firearms were connected with Heard's drug trafficking activities and to the locations of these activities, § 2D1.1(b)(1) was applied. (PSR at 13).

May 12, 2014, arguing that the motion was untimely because Heard did not utilize the special/legal mail procedures at FCI Oakdale, Heard's place of confinement, and, therefore, Heard was not entitled to the benefit of the mailbox rule as to his alleged November 2013 motion. (CV Doc. 6). Heard then filed a reply in which he contended that he did not utilize the special/legal mail procedures at FCI Oakdale because that system was not made available for the inmates' use. (CV Doc. 7). Additionally, Heard filed a motion for discovery, which the Court granted in part, directing the government to provide Heard with a copy of FCI Oakdale's logbook for special/legal mail for the period of October 28, 2013, through November 28, 2013. (CV Docs. 8, 9). Thereafter, the government provided the requisite discovery response on July 18, 2014, to which Heard replied on August 18, 2014. (CV Docs. 10, 11).

**DISCUSSION**

**I. Timeliness of Heard's § 2255 Motion**

The judgment in Heard's criminal case was entered on November 20, 2012. (CR Doc. 101). Because Heard did not file a direct appeal, his judgment of conviction became final under § 2255(f)(1) on December 4, 2012. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) (stating that "when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"); Fed R. App. P. 4(b)(1)(A)(i) (allowing a criminal defendant fourteen days after the entry of either the judgment or the order being appealed to file a notice of appeal). Therefore, Heard had until December 4, 2013, to file his § 2255 motion. The

Court did not receive Heard's Motion until March 10, 2014, and the mailing envelope is postmarked March 6, 2014, about four months late.[2] (CV Doc. 1).

Apparently recognizing the untimeliness of his motion, Heard filed a "Motion to Accept 28 U.S.C. § 2255(f)(1) Out of Time in Accordance with the Mail Box [sic] Rule" along with his § 2255 motion. (CV Doc. 1 at 15-16). Heard declares that he originally mailed his motion on November 2, 2013, but the motion must have been lost by the post office, the Bureau of Prisons, or the clerk's office. (CV Doc. 1 at 15; CV Doc. 11, Ex. B). In support of his contention, Heard submitted his own sworn affidavit in which he averred that he mailed his motion with the appropriate postage on November 2, 2013. (CV Doc. 11, Ex. B). He also submitted the sworn affidavit of fellow prisoner Donte Chandler, who averred that he reviewed Heard's § 2255 motion and watched him place the motion in the general prison mail on November 2, 2013. (CV Doc. 11, Ex. C). Heard submitted no other evidence establishing that his original § 2255 motion was mailed on November 2, 2013.[3]

Insufficient evidence exists on which to determine whether Heard actually placed his motion in the general prison mail system before the time to file his motion expired. Generally, "a *pro se* prisoner's motion to vacate is deemed filed the date it is delivered to prison authorities for mailing," regardless of whether the motion is ever received by the

---

[2] Heard signed the motion on March 4, 2014. (CV Doc. 1 at 17).

[3] Heard originally provided an unsworn letter from his case manager Frances Blackman-Conston, which stated that she reviewed Heard's § 2255 motion and that he mailed it to the Court on November 4, 2013. (CV Doc. 7, Ex. A). The government subsequently contacted Ms. Blackman-Conston, and she supplied a sworn affidavit stating that the letter she previously provided on behalf of Heard was based upon factual representations made by Heard and not upon her own independent recollection of events. (CV Doc. 10, Ex. B). She stated that she cannot recall whether she reviewed a § 2255 motion for Heard and that she never observed Heard place any documents in the mail. (*Id.*).

court. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam); *see also Allen v. Culliver*, 471 F.3d 1196, 1198 (11th Cir. 2006) (per curiam) (applying this principle where the document at issue was never received by the court).

Otherwise known as the mailbox rule, this rule was formalized with respect to motions filed under § 2255 as Rule 3(d) of the Rules Governing Section 2255 Proceedings, which provides:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

If a prisoner satisfies the requirements of Rule 3(d), the burden shifts to the government to establish that the prisoner did not actually deliver his motion to prison authorities on the date asserted. *Cf. Allen*, 471 F.3d at 1198-99 (in the context of Federal Rule of Appellate Procedure 4(c)(1), stating that a prisoner must establish compliance with Rule 4(c)(1) before the burden of proof shifts to the government); *Horne v. Sec'y Dep't of Corr.*, No. 6:06-cv-317-Orl-31GJK, 2009 WL 1185455, at *1 (M.D. Fla. May 1, 2009) (same).

Heard concedes that he did not utilize FCI Oakdale's system designed for legal or special mail. (CV Doc. 7, Ex. C). Rather, Heard contends that he utilized the prison's general mail system because the system for special or legal mail was unavailable to him at the time that he sought to mail his motion as part of a pattern and practice of the institution in contravention of its written policies. (CV Doc. 7, Ex. C). Notwithstanding Heard's allegations, the government provided documentation that FCI Oakdale has a special or

5

legal mail system available to its prisoners, and that, on or about the time that Heard sought to mail his motion, the specialized system was utilized by other inmates seeking to send legal or special mail.[4] (CV Doc. 6, Ex. A; CV Doc. 10, Ex. A). Because the specialized mail system was available to inmates at FCI Oakdale, Heard failed to comply with the requirements of Rule 3(d), which precludes application of the mailbox rule. *See Solis-Caceres v. United States*, No. 09-CV-539-T-27TGW, 2010 WL 2731280, at *3 (M.D. Fla. July 9, 2010) (concluding that a prisoner did not receive the benefit of the mailbox rule because he did not comply with Rule 3(d) by utilizing his prison's legal mail system). Consequently, Heard's motion is time-barred.

Had Heard's petition been timely, it still would have failed because it lacks merit. By way of explanation to Heard why this is so, the Court briefly discusses the claims.

**II. Merits**

Section 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to a collateral attack. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United*

---

[4] Specifically, as directed by the Court, the government provided a copy of FCI Oakdale's logbook for special or legal mail for the period of October 28, 2013, through November 28, 2013. (CV Doc. 10, Ex. A). The logbook reflects that inmates utilized the legal/special mail procedues on twenty-one days out of the period. (*Id.*)

*States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (per curiam).

Heard raises five grounds of error under § 2255.[5]

**A. Sentence Enhancements Pursuant to U.S.S.G. § 2D1.1(b) (Grounds 1, 2, and 5)**

Heard first challenges his sentence arguing that the Court incorrectly applied the enhancements for use of a firearm in accordance with § 2D1.1(b)(1) and for use of violence in accordance with § 2D1.1(b)(2). (CV Doc. 1 at 4-5, 12). As a preliminary matter, Heard's claims in this regard are barred by the procedural default rule. Under the procedural default rule, "'a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.'" *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (per curiam)). The procedural default rule may bar all claims raised by a defendant, including constitutional claims. *Lynn*, 365 F.3d at 1234 (citing *Reed v. Farley*, 512 U.S. 339, 354 (1994)).

Two exceptions to the procedural default rule exist: (1) for cause and prejudice, or (2) a miscarriage of justice. *McKay*, 657 F.3d at 1196; *Lynn*, 365 F.3d at 1234. Under the cause and prejudice exception, a § 2255 movant can avoid application of the procedural default rule by showing cause for not raising the claim of error on direct appeal and actual prejudice resulting from the alleged error. *McKay*, 657 F.3d at 1196. As to the second

---

[5] For ease of reference, the Court discusses several of Heard's arguments together when relevant.

exception, "[a] 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). Thus, a movant's procedural default can be excused by showing that he or she is actually innocent of either the crime of conviction or, in the capital sentencing context, the sentence itself.[6] *Id.*

Here, the miscarriage of justice/actual innocence exception does not apply to Heard because "the actual innocence exception does not apply to [a petitioner's] claim that he was erroneously sentenced." *McKay*, 657 F.3d at 1200; *see also Goodloe v. United States*, 448 Fed. App'x 980, 981 (11th Cir. 2011) (per curiam) ("[T]he actual innocence exception requires factual innocence, not mere legal innocence, and enhanced sentencing is a matter of legal, not factual, innocence."). Similarly, Heard has neither alleged nor demonstrated cause and prejudice for the failure to appeal these claims. As such, Heard has not met the exceptions to the procedural default rule, and he is procedurally barred from bringing these claims in this § 2255 proceeding.

Furthermore, even if Heard were not procedurally barred from challenging his sentences on these grounds, he would still not be entitled to relief because a challenge to the application of the sentencing guidelines is not cognizable on a § 2255 motion. *See Burke v. United States*, 152 F.3d 1329, 1332 (11th Cir. 1998) (holding that

---

[6]Additionally, ineffective-assistance-of-counsel claims are exempted from the procedural default rule. *See Massaro v. United States*, 538 U.S. 500, 508-09 (2003) (noting that it is preferable for a defendant to raise ineffective-assistance-of-counsel claims in a § 2255 motion as opposed to a direct appeal, and, therefore, the failure to raise such a claim "on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255").

"nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure" (internal citations omitted)). As such, Heard would not have been entitled to relief on any of these grounds.

**B. Application of the Safety Valve Provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a) (Ground 3)**

Next, Heard challenges his sentence arguing that the Court's application of the safety valve provision of § 3553(f) was erroneous. (CV Doc. 1 at 7). More specifically, Heard contends that the Court incorrectly found that he did not qualify for the safety valve provision because of a "lack of candor" and that such finding violated his rights under the First Amendment. *Id.* First, Heard's argument is a challenge to his sentence cloaked as a constitutional issue, therefore, for the reasons discussed more thoroughly above, Heard's argument is barred by the procedural default rule. Second, even if his argument were not procedurally barred, it would be fundamentally flawed.

Pursuant to § 3553(f), a sentencing court may impose a sentence without regard to the statutory mandatory minimum sentence otherwise applicable to drug offenses under 21 U.S.C. §§ 841, 844, 846, 960, and 963 if the defendant meets certain criteria. *See also* U.S.S.G. § 5C1.2. To qualify for application of the safety valve provision, Heard must meet the following five requirements:

> (1) the defendant does not have more than [one] criminal history point, as determined under the sentencing guidelines before application of subsection (b) of 4A1.3 (Departures Based on Inadequacy of Criminal History Category);

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f); *see also* U.S.S.G. § 5C1.2(a).

Heard assumes that the Court concluded that he did not qualify for the safety valve provision based upon a lack of candor under § 3553(f)(5) because the safety valve provision was not addressed in his PSR. (CV Doc. 1 at 7). However, a review of the record reveals that Heard does not qualify for the safety valve provision based upon the finding that Heard used violence or credible threats of violence, and that he possessed a firearm or other dangerous weapon in connection with the offenses under § 3553(f)(2). (PSR at 8, 12). Consequently, the Court did not err, and Heard would not have been entitled to relief on this ground.

**C.  Ineffective Assistance of Counsel (Ground 4)**

Finally, Heard claims that his counsel was ineffective because he failed to (1) challenge the sentence enhancement applied under U.S.S.G. § 2D1.1(b)(1); (2) object to

10

the PSR and attempt to obtain Heard a lower sentence; (3) object to the forfeiture of Heard's firearms; and (4) challenge the sentence enhancement applied under U.S.S.G. § 2D1.1(b)(2). (CV Doc. 1 at 8-9). Ineffective-assistance-of-counsel claims are cognizable under § 2255. *Lynn*, 365 F.3d at 1234 n.17.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective-assistance-of-counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. *Strickland* requires proof of both deficient performance and consequent prejudice. *Id.* at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.

Thus, Heard must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside

11

the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691-92. To meet this burden, Heard must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

### 1. Claims 1 & 4

First, Heard asserts that counsel was ineffective for failing to object to the sentence enhancements imposed pursuant to U.S.S.G. §§ 2D1.1(b)(1), (b)(2). (CV Doc. 1 at 8-9). However, the record reflects that Heard's counsel objected to both the firearm enhancement under § 2D1.1(b)(1) and the violence enhancement under § 2D1.1(b)(2) in the PSR. (Addendum to PSR at 1-2). Although counsel later withdrew the objection to the violence enhancement in an amended sentencing memorandum, in that same memorandum, counsel again asserted an objection to the firearm enhancement. (CR Doc. 97). Thus, Heard is factually incorrect as to counsel's failure to assert an objection to the firearm enhancement.

As to the violence enhancement, Heard contends that the violence enhancement cannot be applied in conjunction with the firearm enhancement when the only violence alleged is possession of a firearm, and, therefore, counsel erred in failing to object to application of this enhancement. (CV Doc. 1 at 9). While Heard's proposition is correct, his application is erroneous. The PSR establishes that Heard used violence separately from his possession of a firearm. (PSR at 9-10). Namely, around May 2010, after accusing Scott Robbins of lying to him regarding the whereabouts of an associate, Heard beat Mr. Robbin's toes with a hammer. (PSR at 9-10). Accordingly, Heard has not established that

his counsel's performance was deficient for failing to raise an inapplicable argument nor can he establish that the failure to raise such an argument resulted in prejudice.

### 2. Claim 2

Second, Heard argues that counsel was ineffective for failing to object to the PSR and for failing to obtain a lower sentence. (CV Doc. 1 at 9). However, as noted above, counsel did object to the PSR to some extent, and Heard has not articulated how counsel's failure to object further to the PSR resulted in prejudice. Heard's argument that his counsel should have obtained a lower sentence is conclusory and fails to provide adequate facts on which to evaluate counsel's performance in this regard.

Heard argues that his counsel should have argued for application of the safety valve provision of § 5C1.2 and § 3553, but, as discussed in detail above, Heard did not qualify for application of the safety valve provision; therefore, even had counsel argued for its application, it would not have changed the outcome. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (stating that counsel is not ineffective for failing to raise meritless claims). Thus, Heard has not demonstrated that his counsel was ineffective by failing to object to the PSR or obtain a lower sentence or that he suffered prejudice.

### 3. Claim 3

Last, Heard contends that counsel was ineffective for failing to advocate for Heard's property interests, which appears to be related to the forfeiture of Heard's firearms. (CV Doc. 1 at 9). Heard argues that counsel should have objected to the forfeiture on the grounds that Heard lawfully collected the firearms and that they were not associated with the crime. *Id.* Heard's argument is without merit. The plain language of § 2255 provides

that the statute applies to "a prisoner in custody . . . *claiming the right to be released*." 28 U.S.C. § 2255(a) (emphasis added).  In other words, § 2255 offers relief from the custodial portion of a defendant's sentence but does not offer relief from the noncustodial aspects of the sentence, such as fines, restitution, or forfeiture.  *See United States v. Harris*, 546 Fed. App'x 898, 901 (11th Cir. 2013) (stating that "§ 2255 does not offer relief from the non-custodial features of a criminal sentence"); *Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009) (per curiam) (same); *Blaik v. United States*, 161 F.3d 1341, 1342-43 (11th Cir. 1998) (same).  That Heard couched his arguments in terms of a claim for ineffective assistance of counsel does not affect the preclusion of this claim from a § 2255 proceeding because even if his counsel was ineffective in this regard, he would not be entitled to relief under § 2255.

## CONCLUSION

Accordingly, it is therefore **ORDERED** that:

1. Heard's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is **DISMISSED** as time-barred.

2. The Clerk shall terminate any pending motions and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Doc. 123, in the underlying criminal case, case number 8:12-cr-52-T-30EAJ.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
## IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Heard is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district

court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Heard "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Heard has not made the requisite showing in these circumstances.

Finally, because Heard is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

DONE AND ORDERED at Tampa, Florida on this 18th day of September, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-598 Heard v. USA.2255Pet.docx